JACK EDWARD NEEDHAM, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Needham v. Commissioner
Docket No. 13591-92
United States Tax Court
T.C. Memo 1993-440; 1993 Tax Ct. Memo LEXIS 451; 66 T.C.M. (CCH) 818; September 21, 1993, Filed *451 An order of dismissal for lack of jurisdiction will be entered. For petitioner: Terry C. Brooks. For respondent: Neal Abreu. FAY
FAY
MEMORANDUM OPINION FAY, Judge: This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. All section references are to the Internal Revenue Code, as amended. All Rule references are to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed July 27, 1992. By notice of deficiency dated March 18, 1992, respondent determined income tax deficiencies and various additions to tax for the taxable years 1987 and 1988. On June 18, 1992, a petition was hand delivered to the Court and filed the same day, June 18, 1992. Petitioner was a resident of La Jolla, California, at the time the petition was filed. It is well settled that in order to maintain an action in this Court there must be both a valid notice of deficiency and *452 a timely filed petition. ; . Section 6212(a) authorizes the Secretary upon the determination of a deficiency in income tax to issue a notice of deficiency by certified or registered mail to the taxpayer at his "last known address". Section 6212(b)(1) provides that the mailing of a notice of deficiency to the taxpayer's "last known address" shall constitute sufficient notice. In effect, the statute provides a safe harbor for the Commissioner under such circumstances. Generally, a taxpayer's "last known address" is the address to which, in light of all the surrounding facts and circumstances, the Commissioner reasonably believes the taxpayer wishes the notice of deficiency to be sent. . A taxpayer's last known address is the address shown on his most recently filed return, absent clear and concise notice of a change to the contrary. , affg. ; *453 . As shown by the Postal Service Form 3877 attached to respondent's motion, respondent mailed a timely notice of deficiency for the years 1987 and 1988 to three separate addresses on March 18, 1992: (1) 2441 Edison Avenue, Apt. 14, Sacramento, CA 95821; (2) 10457 Old Placerville Road, Suite 110, Sacramento, CA 95827; and (3) 455 Capitol Mall, Ste 600, Sacramento, CA 95814. The 2441 Edison Avenue, Apt. 14 address was the address shown on petitioner's 1990 Federal income tax return (dated April 10, 1991), which was petitioner's most recently filed return prior to the mailing of the notice of deficiency. The 10457 Old Placerville Road, Suite 110 address is shown as petitioner's address on an executed power of attorney (Form 2848) provided to respondent in August 1991 authorizing certain certified public accountants to represent petitioner before the Internal Revenue Service with respect to his taxable years 1987 and 1988. Respondent also mailed a copy of the notice of deficiency on March 18, 1992, to petitioner's representative J. Terry Eager at 455 Capitol Mall, Ste 600, Sacramento, CA 95814 as shown on the *454 executed power of attorney. In petitioner's opposition filed September 23, 1992, to respondent's motion to dismiss, petitioner contends that the notice of deficiency was not mailed to petitioner's last known address, alleging that respondent knew, as a result of conversations between petitioner and one Chris Underwood, an Internal Revenue Service agent, that petitioner had moved to his mother's address at 7644 Girard Avenue, La Jolla, California. It is not necessary here to determine whether this bare allegation sufficiently established a clear and concise notification to respondent of a new address prior to the mailing of the notice of deficiency on March 18, 1992. In a power of attorney (Form 2848) executed on or about April 10, 1992, petitioner designated Terry C. Brooks and Daniel J. Carlberg to represent him before the Internal Revenue Service with respect to income tax matters involving 1987 and 1988. By letter dated April 17, 1992, Mr. Carlberg transmitted a copy of the power of attorney to the Internal Revenue Service. A copy of the March 18, 1992, notice of deficiency was attached to said letter and, in addition, the letter referred to the notice of deficiency by the *455 correct reference number. We are fully persuaded, on this record, that petitioner received actual notice of the March 18, 1992, notice of deficiency by mid-April 1992. It is clearly established that if mailing results in actual notice without prejudicial delay, which we believe was the case here, it meets the conditions of section 6212(a) no matter what address was used. , affg. ; , affg. . Here, the 90-day period for timely filing a petition with this Court expired on Tuesday, June 16, 1992, which date was not a legal holiday in the District of Columbia. See sec. 6213(a). The petition in this case was hand delivered and filed with the Court on June 18, 1992, which date was 92 days after the mailing of the notice of deficiency. Since the petition in this case was hand delivered to the Court, the provisions of section 7502 do not apply. . On this *456 record, we conclude that the petition was not timely filed within the meaning of section 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted. An order of dismissal for lack of jurisdiction will be entered.